Weygandt, C. J.
Neither of the lower courts wrote an opinion.
The plaintiff contends that this judgment should be reversed for three reasons.
The first is that the trial court erroneously admitted the answer of a witness, Mike Mercure, to a hypothetical question which assumed unproved facts as to the value of underlying strippable coal. He testified that the construction of the pipe lines would prevent the stripping of approximately 100,000 tons of coal that otherwise could be removed. The plaintiff asserts that the opinion of the witness was based on the single fact that only one hole or well had been drilled on the land involved.
The defendants insist that the record discloses ample evidence to warrant the hypothetical question and the answer thereto. They observe that in addition to the drilling of the one hole or well, there is evidence of outcroppings of several veins of coal on the steep sides of the gullies running through the land.
This court is of the view that the drilling of but one hole or well on the land presents a question of the weight of that evidence rather than its admissibility. Hence, it was not error on the part of the trial court to allow this testimony to go to the jury.
The plaintiff’s second contention is that in its charge the trial court permitted the jury to speculate concerning possible future damage to the residue.
The questioned language of the charge is:
“Damage is an allowance made for injury, if any, that may result to the remaining land by reason of the pipe line crossing the property.”
The plaintiff objects to the use of the word “may.” Taken out of its context, this language might leave something to be desired. However, in the next sentence the court clarified the rule by adding:
“I charge you in that connection that where land is *393 appropriated for a public use, a compensatory, not a speculative remuneration is guaranteed by tbe law for land taken, and for tbe damage occasioned thereby to the remainder of the premises.”'
“ A study of the entire charge discloses no prejudicial error in this respect.
The plaintiff’s final complaint is that in its charge to the jury the trial court refused to place the burden on the defendants to prove their claim for special damages.
This part of the charge reads as follows:
“In condemnation suits there is no general burden of proof as in other civil cases, and the jury acts as a disinterested assessing or appraising board to determine from the evidence the fair market value of the property taken, and damages to the remainder, if any. ’ ’
The defendants insist that this statement is correct according to the rule announced in the syllabus of the case of Martin v. City of Columbus, 101 Ohio St., 1, 127 N. E., 411, as follows:
“1. An action brought by a municipality to condemn private property under the Constitution and laws of Ohio is a proceeding in rem.
‘ ‘ 2. In such proceeding, there are no formal pleadings or definite issues, which admit of affirmation upon one side and denial upon the other, and hence the doctrine of ‘burden of proof’ has no application.
“3. The jury acts merely as an appraising or assessing board, determining the fair market value of the property from all the evidence submitted. ’ ’
A study of that decision discloses that the question of damage to residue was not involved. Rather it was compensation for the property taken.
Should the rule as to the burden of proof be the same with reference to special damage to residue?
In 29 Corpus Juris Secundum, 1257, Section 271, ap *394 pears xne following succinct summary of the authorities:
“Although in some jurisdictions it is held that petitioner has the burden of showing the value of the land sought to be taken, and the damages or absence of damages to the remainder, and it is held in other jurisdictions that there is no general burden of proof as in other civil cases, the general rule is that the burden of showing the damages which the landowner will suffer rests on him, while it is for the petitioner to show matters which tend to reduce or mitigate the damages.”
Although the decision in the Martin case, supra, places Ohio in the minority with reference to proof of compensation for land taken, the question arises whether the same reasoning is applicable to the proof of special damage to residue. It would seem that the condemner has an opportunity to see the land to be taken and even to observe the probable ordinary damage to the residue. But special damage, such as that to underlying minerals, is a matter usually within the knowledge of the owner rather than the condemner, and there is no valid reason for excusing the owner from the burden of proving the special damage he claims.
Hence, the trial court was in error in instructing the jury that in condemnation suits there is no burden of proof as to special damage to residue, such as that to underlying minerals. For this reason the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Probate for retrial.

Judgment reversed.

Middleton, Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.